UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SERGIO COSTA, *individually and on behalf
of all others similarly situated*,

                              Plaintiff,              **MEMORANDUM OPINION
                                                                  AND ORDER**

v.                                                                                     21-CV-05180 (PMH)

ROMAN HEALTH VENTURES, INC.,

                              Defendant.
-------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

       Sergio Costa ("Plaintiff") commenced this putative class action against Roman Health Ventures, Inc. ("Defendant") on June 10, 2021. (Doc. 1, "Compl."). Plaintiff brings a single claim for relief alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and its implementing regulations, predicated upon allegedly unsolicited marketing text messages sent by Defendant to him. (*See generally*, *id*.).

       Defendant is a telehealth company that provides telehealth services via its websites and subdomains. (Doc. 13, "Patnaik Decl." ¶ 3). On or about July 30, 2020, Plaintiff signed up for an account with a subdomain of Defendant's main website. (*Id*. ¶ 11). To set up his account, Plaintiff had to complete a process which included indicating his agreement to the website's Terms and Conditions of Use (the "Terms"). (*Id*. ¶¶ 6-11). The Terms applicable to Plaintiff's account contain a section concerning dispute resolution ("Arbitration Agreement"). (Doc. 13-3 at 9)).[1] That section provides, in pertinent part, as follows:

> THIS SECTION . . . REQUIRES YOU AND RO [DEFENDANT] TO RESOLVE ALL DISPUTES BETWEEN US THROUGH BINDING INDIVIDUAL ARBITRATION . . . Any dispute arising under or relating in any way to these Terms of Use will be resolved exclusively by final and binding arbitration in New York, New

---

[1] References to exhibits correspond to the pagination assigned by ECF.

1

> York, under the rules of the American Arbitration Association, except that either party may . . . seek temporary and preliminary specific performance and injunctive relief[] in any court of competent jurisdiction.

(*Id*.).

By motion filed on August 6, 2021, Defendant seeks to compel Plaintiff to arbitrate his claim on an individual basis under the Federal Arbitration Act ("FAA"). (Doc. 11; Doc. 12, "Def. Br."). Plaintiff filed his opposition on August 20, 2021 (Doc. 14, "Pl. Br."), and the motion was fully briefed with the submission of Defendant's reply memorandum of law on August 24, 2021 (Doc. 15, "Reply").

"In deciding motions to compel [arbitration], courts apply a 'standard similar to that applicable to a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "As on a motion for summary judgment, the parties may submit documents in support or opposition of their motion, and the court 'consider[s] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, and draws all reasonable inferences in favor of the non-moving party.'" *Cornelius v. Wells Fargo Bank, N.A.*, No. 19-CV-11043, 2020 WL 1809324, at *4 (S.D.N.Y. Apr. 8, 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (alteration in original)).

"If the party seeking arbitration demonstrates its entitlement to arbitration by a showing of evidentiary facts, the burden then shifts to the opposing party to submit evidentiary facts demonstrating there is a dispute of fact showing that the agreement is inapplicable or invalid." *Id*.; *see also Citadel Servicing Corp. v. Castle Placement, LLC*, 431 F. Supp. 3d 276, 284 (S.D.N.Y. 2019) ("[T]he 'party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid.'" (quoting *Harrington v. Atl.*

*Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010))). Opposition "may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Citadel Servicing Corp.*, 431 F. Supp. 3d at 284 (quoting *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995)). "'If undisputed facts in the record require[] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law,' then a district court must compel arbitration." *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 473 (S.D.N.Y. 2013) (quoting *Bensadoun*, 316 F.3d at 175 (alterations in original)); *see also Klein v. Experian Info. Sols., Inc.*, No. 19-CV-11156, 2020 WL 6365766, at *3 (S.D.N.Y. Oct. 29, 2020).

The FAA provides in pertinent part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "This provision establishes 'a liberal federal policy favoring arbitration agreements,'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and "reflects the overarching principle that arbitration is a matter of contract," *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 223 (2013). *See also Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 532-33 (2013) (explaining that the FAA "requires courts to enforce the bargain of the parties to arbitrate" (internal quotation marks omitted)); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (noting that "courts must place arbitration agreements on an equal footing with other contracts"); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (observing that the FAA "places arbitration agreements on equal footing with other contracts, and requires courts to enforce them according to their terms" (internal citations omitted)); *Safra Secs., LLC v. Gonzalez*, 764 F. App'x 125, 125 (2d Cir. 2019)

3

("Whether parties have agreed to arbitrate a matter is fundamentally a question of contractual interpretation.").

Where, as here, the "dispute essentially concerns a [q]uestion[] of arbitrability, which is a term of art covering disputes about whether the parties are bound by a given arbitration clause, as well as disagreements about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy," courts in the Second Circuit apply a "two-part test." *Ostreicher v. TransUnion, LLC*, No. 19-CV-08174, 2020 WL 3414633, at *5 (S.D.N.Y. June 22, 2020) (alterations in original, internal quotation marks omitted). Under this test, the Court "must consider (1) whether [the parties] 'have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement.'" *Scott v. JPMorgan Chase & Co.*, 603 F. App'x 33, 35 (2d Cir. 2015) (quoting *In re Am. Exp. Fin. Advisors Secs. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011)). However, before reaching the second element, courts must "determine who—the court or the arbitrator—properly decides the issue." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d at 128 (citing *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393 (2d Cir. 2011)). "[T]he question of arbitrability is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Alcoa Corp. v. Anheuser-Busch InBev SA/NV*, No. 20-CV-03834, 2020 WL 5229706, at *2 (S.D.N.Y. Sept. 2, 2020) (internal citations and quotation marks omitted). "Where an entire dispute is arbitrable, district courts may 'dismiss[] the complaint' entirely 'in favor of arbitration.'" *Boule v. Credit One Bank*, No. 15-CV-08562, 2016 WL 3015251, at *2 (S.D.N.Y. May 11, 2016) (quoting *Guyden v. Aetna, Inc.*, 544 F.3d 376, 381, 387 (2d Cir. 2008)).

The issue here does not concern the first element of the test. Plaintiff does not dispute that the Terms contain an Arbitration Agreement, nor does he dispute that he entered into a valid

4

agreement to arbitrate. Plaintiff opposes arbitration on the ground that the Arbitration Agreement does not encompass Plaintiff's claims in this action. It is not for the Court to decide, however, the scope of the Arbitration Agreement. The parties here clearly and unmistakably agreed that the question of arbitrability is for the arbitrator to decide. The parties' arbitration clause explicitly refers to the rules of the American Arbitration Association ("AAA"), which in turn gives the arbitrator the power to rule on any objections with respect to the arbitrability of any claim or counterclaim. AAA Rule R-7(a); *Klein v. ATP Flight Sch., LLP*, No. 14-CV-01522, 2014 WL 3013294, at *10 (E.D.N.Y. July 3, 2014) (the Court may take judicial notice of the AAA Rules). "The Second Circuit has 'held that when, as here, parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.'" *Klein*, 2014 WL 3013294, at *10 (quoting *Contec Corp. v. Remote Sol., Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005)). Plaintiff states that he "agrees that the issue of arbitrability should be decided by an arbitrator" (Pl. Br. at 2) and "acknowledges this Court's precedent regarding the delegation of arbitrability when the subject agreement incorporates by reference the AAA Rules" (*id*. at 1). Accordingly, the Court enforces the parties' clear and unmistakable intent to have the question of arbitrability decided by the arbitrator.

  Defendant's motion also seeks to compel arbitration on an individual, rather than class-wide, basis. Plaintiff suggests in his opposition that should he arbitrate, he would do so on a class-wide basis. (*Id*. at 1 ("Plaintiff intends to commence proceedings with the AAA to challenge Defendant's attempt to force Plaintiff and the Class members to arbitrate claims they never agreed to submit to arbitration.")). Defendant fully briefed in its moving papers its argument that Plaintiff agreed to individual arbitration in the Arbitration Agreement and waived a class action. (*See* Def.

Br. at 15). Even though Plaintiff, in opposition, failed to respond to this argument thereby conceding it, *see Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020); *Felske v. Hirschmann*, No. 10-CV-08899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012), this issue too is better left for the arbitrator to decide.

Plaintiff's argument that the Court should allow his "claims for injunctive relief" to proceed is based upon a faulty, result-oriented interpretation of the contractual language at issue as well as the claim and relief sought in this action. The Arbitration Agreement encompasses the option to "seek temporary and preliminary specific performance and injunctive relief" in this Court. (Doc. 13-3 at 9). In other words, it contains an equitable relief provision that "simply confirm[s] an already extant, independent legal right," *Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, No. 20-CV-00181, 2020 WL 915824, at *6 (S.D.N.Y. Feb. 26, 2020), "to make injunctive relief in judicial courts of proper jurisdiction available to the parties in aid of arbitration," *Bolden v. DG TRC Mgmt. Co., LLC*, No. 19-CV-03425, 2019 WL 2119622, at *5 (S.D.N.Y. May 15, 2019) (internal quotation marks omitted). It does not "transform[ ] arbitrable claims into nonarbitrable ones depending on the form of relief prayed for." *GateGuard, Inc. v. MVI Sys. LLC*, No. 19-CV-02472, 2021 WL 4443256, at *7 (S.D.N.Y. Sept. 28, 2021). Nothing precludes the arbitrator from deciding Plaintiff's request for injunctive relief as prayed for in his Complaint; and Plaintiff has not made any application for temporary and/or preliminary injunctive relief in this Court.

Accordingly, based upon the foregoing, Defendant's motion to compel arbitration is GRANTED. Defendant's request for oral argument is denied as unnecessary. Because all of the disputes raised in this case (by Plaintiff and any purported class members) are subject to arbitration and no purpose will be served by imposing a stay, the Complaint is dismissed without prejudice.

*See Boule*, 2016 WL 3015251, at *5; *Nulife Ent., Inc. v. Torres*, 698 F. Supp. 2d 409, 414 (S.D.N.Y. 2010).

The Clerk of Court is respectfully directed to terminate the motion (Doc. 11), enter Judgment, and close this case.

Dated: White Plains, New York
       October 27, 2021

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge